UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LUIS RAMIREZ and SANTIAGO MARTINEZ,<br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et. al,<br>Defendants. | §<br>§<br>§<br>§<br>§ Civil Action No. 1:17-cv-00060<br>§<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is the "Report and Recommendation of the Magistrate Judge" (hereafter the "R&R") (Docket No. 34) in the above-referenced civil action. The R&R recommended this Court grant the United States of America, Secretary of the Agriculture, Sonny Perdue, and Administrator of the United States Department of Agriculture's Animal and Plant Health Inspection Service, Kevin Shea's (collectively hereafter "Defendants" ) "Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment" (hereafter "Defendants' Motion") (Docket No. 19) for lack of subject matter jurisdiction because Plaintiffs' Federal Torts Claim Act (hereafter "FTCA") claims were statutorily barred under 28 U.S.C. § 2680(f)—the quarantine exception.[1] In response to the R&R, Luis Ramirez and Santiago Martinez (hereafter "Plaintiffs") timely filed "Plaintiffs' Objections to Magistrate Judge's Report and Recommendation" (hereafter "Plaintiffs' R&R Objections") (Docket No. 35); and Defendants timely filed "The United States' Response to Plaintiffs' Objections to Report and Recommendation (Docket No. 36).

Section 2680's listed exceptions to the FTCA's waiver of sovereign immunity were designed "to protect certain governmental activities from exposure to suit by private individuals." *Molzof v. United States*, 502 U.S. 301, 311 (1992). As such, said exceptions

---

[1] "Any claim for damages caused by the imposition or establishment of a quarantine by the United States" is specifically exempted from FTCA liability. 28 U.S.C. § 2680(f).

1

"suggest that Congress' primary concern in enumerating [them] was to retain sovereign immunity with respect to certain governmental *functions* that might otherwise be disrupted by FTCA lawsuits." *Id.* at 311-12; *see Rey v. United States*, 484 F.2d 45, 48 (5th Cir. 1972) (sovereign immunity is not waived by the FTCA for damages to livestock "proximately caused by the imposition or establishment of a quarantine by the United States"). The R&R concluded that the "plain language" of the quarantine exception barred Plaintiffs' claims for damages. *See* Docket No. 34 at 24; *see Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 492 (2006) (The proper objective in construing an exception under "§ 2680 is to identify those circumstances which are within the words and reason of the exception—no less and no more.") In support, the R&R thoroughly analyzed the FTCA's legislative history and concluded the Congressional intent for said exception was to protect the Defendants from liability for damages caused by the Government's quarantine imposition, including "any actions undertaken by the Government to carry out the purposes of the quarantine." Docket No. 34 at 14; *see also Rey*, 484 F.2d at 48 (noting that the Defendants' "negligence in the procedures, either through diagnosis or testing" which led to the imposition of the quarantine "would also be barred by [§]2680(f)"). The Court agrees with the R&R and finds that Defendants' application of Co-Ral to eradicate ticks was an integral part of the procedures, diagnosis, and testing involved in the imposition of the quarantine. Therefore, Plaintiffs' claims for damages are barred under § 2680 (f).

After a *de novo* review of the record, the following is hereby **ORDERED**: (i) Plaintiffs' R&R Objections (Docket No. 35) are **OVERRULED**; (ii) the "R&R" (Docket No. 34) is **ADOPTED**; and accordingly, (iii) Defendants' Motion (Docket No. 19) is **GRANTED for lack of subject-matter jurisdiction**. The Clerk of the Court is **ORDERED** to close this case.

Signed on this 6th day of November, 2018.

Rolando Olvera
United States District Judge

2